
FILED

Nov 26 2013, 5:33 am

CLERK
of the supreme court,
court of appeals and
tax court

# FOR PUBLICATION

ATTORNEYS FOR APPELLANT:

**DEBORAH M. AGARD**
**DANIEL W. KIEHL**
Law Office of Deborah M. Agard
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**ROBERT C. ROTHKOPF**
**THOMAS L. LANDWERLEN**
Landwerlen & Rothkopf, L.L.P.
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

BARBARA J. POHL,                                )
                                                )
    Appellant-Respondent,                       )
                                                )
        vs.                                 )    No.  32A04-1304-DR-163
                                                )
MICHAEL G. POHL,                                )
                                                )
    Appellee-Petitioner.                        )

APPEAL FROM THE HENDRICKS SUPERIOR COURT
The Honorable Mark A. Smith, Judge
Cause No. 32D04-1209-DR-593

**November 26, 2013**

**OPINION–FOR PUBLICATION**

**BAKER, Judge**

In this case, appellant-respondent Barbara Pohl appeals the trial court's order denying her Petition to Terminate Post-Dissolution Spousal Maintenance. Barbara argues that because appellee-petitioner Michael Pohl's disability was a basis on which the court has the authority to issue spousal maintenance without the agreement of the parties, the trial court had the authority to modify the spousal agreement if circumstances have changed in such a manner as to render the original agreement unreasonable. Barbara contends that the trial court used the incorrect legal standard when it required her to show fraud, duress, or mistake at the time the spousal maintenance Addendum was signed.

We conclude that, in considering the evidence, the trial court could have refused to modify the agreement under a standard requiring a showing of fraud, duress, or mistake or a standard requiring a substantial and continuing change of circumstances. We therefore affirm the decision of the trial court.

## FACTS

In March 2009, Barbara and Michael Pohl ended their eighteen-year marriage, which resulted in one son, M.P, a minor. The parties entered into a Custody, Support, and Property Settlement Agreement, which was approved and incorporated into the parties' dissolution of marriage decree. This Agreement made no mention of spousal maintenance. During the marriage Michael had been receiving social security income payments for a disability caused by a back injury. Barbara testified that to ensure Michael's financial security despite his disability and to keep the peace in the house in which they were currently cohabitating, she agreed to sign an Addendum to provide

2

Michael with spousal support. On May 11, 2009, the parties submitted an Addendum to the Custody, Support, and Property Settlement Agreement to provide for spousal maintenance. That Addendum stated:

> the parties herein stipulate and agree that the Wife shall pay to the Husband the sum of Four Thousand Dollars ($4,000.00) per month as post-dissolution spousal maintenance, commencing the 5th day of June, 2013, and continuing on the 5th day of each successive month thereafter until further order of the court or agreement of the parties.

Appellant's App. p. 33. Those payments have been stayed pending the outcome of this appeal.

On October 26, 2012, Barbara filed a Petition to Terminate Post-Dissolution Spousal Maintenance. She later clarified that she was asking the trial court to modify, rather than terminate, her spousal maintenance obligation. She argued that there had been a substantial and continuing change in circumstances that made it unreasonable for her to pay $4,000 a month in spousal maintenance. Barbara testified that, while her income had risen from approximately $127,000 to $182,783.64 since the Addendum providing for spousal maintenance was filed in 2009 because she began a new career as a pharmacist, Michael's circumstances had also changed, in that his social security income had increased substantially and that his fiancée now pays the couples' rent.[1] Michael's fiancée testified that he pays approximately $500 to $1000 dollars a month in utilities, helps pay for the family's groceries, and also pays her $700 monthly car payment.

---

[1] Michael did not provide a verified financial declaration, and the record does not contain exact information concerning his income. Michael did testify that he received $22,392 as yearly income. Tr. p. 109. It is unclear what other income or expenses may exist.

3

Barbara argued that, based on these changed circumstances, the amount of spousal maintenance should be modified. She requested that spousal maintenance be reduced to $1,000 per month, to begin when child support for M.P. ceases.

The trial court found that Barbara failed to present evidence of fraud, duress or mistake at the time the Addendum was signed. The trial court also stated that Barbara had knowingly declined representation by counsel at the time she signed the Addendum, and that she was not an unsophisticated party. In addition, the trial court noted the basis for the maintenance payments: "There is a basis in evidence to support maintenance. The evidence established that Petitioner is disabled and his only source of income is from social security disability. Respondent did not dispute his disability." Appellant's App. p. 5. Based on its findings, the trial court refused to modify the order.

Barbara now appeals.

## DISCUSSION AND DECISION

### I. Standard of Review

Where, as here, the trial court issues findings of fact and conclusion of law sua sponte, the specific findings control only the conclusions they cover, while a general judgment standard applied to any issue on which the court has not entered findings. Scoleri v. Scoleri, 766 N.E.2d 1211, 1215 (Ind. Ct. App. 2002). In reviewing the judgment, we will determine if the evidence supports the findings, and then, whether those findings support the conclusion and judgment. Id. This Court will only reverse a judgment when it is shown to be clearly erroneous. Dewbrew v. Dewbrew, 849 N.E.2d

4

636, 640 (Ind. Ct. App. 2006). In determining the validity of the findings or judgment, we consider only the evidence favorable to the judgment and all reasonable inferences to be drawn from that evidence; we do not reweigh the evidence or assess the credibility of witnesses. Id. A judgment is clearly erroneous if it applies the wrong legal standard to properly found facts. Id. A general judgment may be affirmed on any theory supported by the evidence presented at trial. Id

## II. Modification of Spousal Maintenance

There are two ways in which a party to a dissolution of marriage may be obligated to make spousal maintenance payments. Either the trial court may order the payments, or the two parties may provide for maintenance payments in a negotiated settlement agreement. Zan v. Zan, 820 N.E.2d 1284, 1287 (Ind. Court. App. 2005). A trial court's authority to order spousal maintenance is limited to three types of post-dissolution maintenance: 1) spousal incapacity maintenance, 2) caregiver maintenance, and 3) rehabilitative maintenance. Id. See also Ind. Code § 31-15-7-2. The parties may choose to provide for spousal maintenance in situations where the court could not order it. Id.

Where the parties have contractually agreed to spousal maintenance, our Supreme Court has made it clear that courts should exercise authority to review settlement agreements with "great restraint," so as not to interfere with contractual freedom. Voigt v. Voigt, 670 N.E.2d 1271, 1277 (Ind. 1996). Indeed, the Court went so far as to determine that "[w]here a court had no authority to impose the kind of maintenance award that the parties forged in a settlement agreement, the court cannot subsequently

5

modify the maintenance obligation without the consent of the parties." Id. at 1279-1280. However, the Court explicitly reserved the question as to whether the court had the authority to modify a spousal maintenance agreement that rested on one of the three grounds above: incapacity maintenance, rehabilitative maintenance, or caregiver maintenance. Id. at 1280 n.13. In Zan, this Court determined that, where a settlement agreement rested on a ground on which the trial court could have ordered the maintenance in the absence of an agreement, a trial court may modify the agreement. 820 N.E.2d at 1288.

Here, spousal maintenance was agreed to by the parties in an addendum, and, because the trial court found that Michael's disability "materially affected" his ability to support himself, a trial court would also have had the authority to award Michael spousal incapacity maintenance under Indiana Code section 31-15-7-2(1). Therefore, the trial court had the authority to modify the agreement under a standard that required her to show fraud, duress, or mistake or a substantial and continuing change in circumstances. Lowes v. Lowes, 650 N.E.2d 1171, 1174 (Ind. Ct. App. 1995).

However, while Barbara is correct in her assertion that the court could have modified the agreement under a standard that required to her to show fraud, duress, or mistake or a substantial and continuing change in circumstances, the trial court's findings show that she failed to meet either burden. The burden of showing a substantial and continuing change in circumstances such as to render the previous maintenance unreasonable is on the moving party, Barbara. Id. In considering whether there has been

6

a substantial and continuing change in circumstances, the trial court should consider the factors underlying the original award. Id. Here, as Barbara concedes, she signed the Addendum because Michael was disabled and living on social security. Tr. p. 85. The trial court found that Michael was presently disabled, and that his only source of income was social security. Appellant's app. p. 14. The trial court's determination that there was "a basis in evidence to support maintenance" is supported by the evidence.

### III. Conclusion

We have determined that the trial court's findings support its decision to deny modification of the Pohls' spousal maintenance Addendum. The judgment of the trial court is affirmed.

BAILEY, J., and MAY, J., concur.